Fa Zhou LU, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney Alberto R. Gonzales,[1] Respondent.**

No. 04–2555–AG.

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

York, Geoffrey J.L. Brown, Assistant United States Attorney, Syracuse, N.Y., for Respondent.

PRESENT: NEWMAN, JACOBS, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Lu, a native and resident of China, petitions for review from the denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) *Diallo v. Ashcroft,* 232 F.3d 279, 288 (2d Cir.2000)

An adverse credibility finding determination is appropriately based upon inconsistent statements, contradictory evidence, and inherently improbable testimony. *Diallo,* 232 F.3d at 287, 288. In this case, Lu's testimony was inconsistent with country conditions and implausible. Lu was unable to (1) explain how the village officials knew that he had a second child, but were unable to find his whereabouts; (2) explain how he and his wife were able to obtain a Household Registry from 1997 and an I.D. card from 1999, respectively; (3) reconcile that his second child was born illegally, yet was present on the Household registry and enrolled in school; (4) explain the inconsistencies between his own statements and the country condition reports; and (5) give a reasonable explanation as to why he could not obtain a letter from his parents corroborating his story. While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating her story, or an explanation for its absence, may be required where it would reasonably be expected. *Id.* at 285.

Lu's failure to raise his CAT claim in his appeal to the BIA thus strips this court of jurisdiction to hear the claim. *See Gill v. INS,* 420 F.3d 82, 86 (2d. Cir.2005) (citing *Foster v. INS,* 376 F.3d 75, 77–78 (2d. Cir.2004)); 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).